**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy: Nick Richards<br>Court Reporter: Tammy Hoffschildt<br>Probation Officer: Erika Hitti | Date: December 11, 2013<br>Interpreter: n/a |

**CASE NO.** 12-cr-00410-MSK

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Todd Parker Norvell |
| Plaintiff, | |
| v. | |
| 1. JAY BENJAMIN BLACK, | Robin Shellow<br>David H. Greenberg |
| Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION: 9:04 a.m.**
Appearances of counsel.  Defendant is present and in custody.

**ORDERED**:   Motion for Permission to Restrict Motion for Variance: Arguments & Authorities [Doc. No. 96, filed November 19, 2013] is **GRANTED** as stated on the record.

Defendant's Motion for Variance: Arguments & Authorities and Defendant's Reply to Government's Response to Part II of Defendant's Motion for Variance were delivered to the Court by Ms. Shellow.

**ORDERED**:   Defendant's Motion for Variance shall be filed under Restriction - Level 1. Defendant's Reply shall be filed without restriction.

**ORDERED**:   Defendant's Motion for Variance: Arguments & Authorities is **GRANTED** as stated on the record.

Defendant entered his plea on July 17, 2013 to Count 3 of the Superseding Indictment.

Discussion regarding Government's Objections to Presentence Investigation Report [Doc. No. 93, filed November 15, 2013] and Objections to Presentence Report and Response to Recommendation for Sentence [Doc. No. 97, filed November 21, 2013].

**ORDERED**:   Defendant's objection to sex offender registry requirements is overruled.

Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

**COURT IN RECESS: 10:28 a.m.**
**COURT IN SESSION: 10:43 a.m.**

10:47 a.m.   Dr. Bruce Wilson makes a statement on behalf of the defendant.

10:55 a.m.   Dr. Howard Samuels makes a statement on behalf of the defendant.

Defendant's counsel comments on statements by Dr. Wilson and Dr. Samuels.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:**   Government's Motion for Non-Guideline Sentence and Sentencing Position [Doc. No. 95, filed November 19, 2013] is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to the extent of the variance.

**ORDERED:**   Defendant shall be **imprisoned** for a term of 3 months.

The Court RECOMMENDS that the Defendant be placed at FCC Lompoc or the nearest appropriate security level facility near Los Angeles, California.

**ORDERED:**   Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of 10 years.

**ORDERED:**   **Conditions** of Supervised Release that:
   (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to

|     |     |
| --- | --- |
|     | which the defendant is released. |
| (**X**) | Defendant shall not commit another federal, state or local crime. |
| (**X**) | Defendant shall not illegally possess controlled substances. |
| (**X**) | Defendant shall not possess a firearm or destructive device. |
| (**X**) | Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission. |
| (**X**) | Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance. |
| (**X**) | Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer. |
| (**X**) | Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, or is a student, or was convicted of a qualifying offense. |
| () | Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant. |

**ORDERED:** **Special Condition** of Supervised Release that:

|     |     |
| --- | --- |
| (X) | Defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall abstain from the use of alcohol or other intoxicants during the entire term of supervised release. Defendant will be required to pay the cost of treatment as directed by the probation officer. Should the defendant elect to participate in treatment with a private treatment provider, such as The Hills Treatment Center, he shall authorize the unrestricted disclosures of information between the selected provider and the probation officer, shall not withdraw such disclosure authorization unless approved in advance by the Court, and shall comply with all rules and treatment requirements of the facility. |
| () | If defendant is deported, he shall not re-enter the United States illegally.  If defendant re-enters the United States legally, he is to report to the nearest U.S. Probation Office within 72 hours of his return. |
| () | Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment. |
| () | Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. |
| () | Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule. |
| (X) | Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such |

    time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

( )  Defendant shall be placed on home detention for a period of  months, to commence within ten days of release from imprisonment.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

(X)  Defendant shall not contact the victim by any means, including in person, by mail, texting, electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victim at all times. If any contact occurs, inadvertently or otherwise, the defendant shall immediately leave the area of contact and report the contact to the probation officer. This condition of probation shall remain in effect until the victim has reached her eighteenth birthday.

(X)  Defendant shall reside in a residential re-entry center for a period of up to six months, upon release from imprisonment, and shall observe the rules of that facility. This residential re-entry center may be satisfied at a private facility, if available and approved by the probation officer.

**ORDERED:** Defendant shall pay a $100.00 Special Assessment fee, to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Defendant is not likely to flee or pose a danger to the safety of any other person or the community. Defendant may surrender voluntarily as follows: report to the designated institution on **April 22, 2014.** The Court notes the Government has no objection to this determination.

**ORDERED:** Bond is continued with modifications. Defendant shall remain at The Hills Treatment Center in Los Angeles, California until April 22, 2014, his date to report for his term of imprisonment.

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

**Court in recess: 12:12 p.m.**
**Total time: 02:53**

**Hearing concluded.**